```
              IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                            CHARLESTON
```

**DAVID KEENEY, HAROLD L. SUMMERS, JR.,**
**and ROSCOE TUCKER,**

       **Plaintiffs,**

v.                                    Civil Action No. 2:05-cv-00390

**WILLIAM J. CHARNOCK, individually**
**and as the Kanawha County Prosecuting**
**Attorney, and KANAWHA COUNTY**
**COMMISSION,**

       **Defendants.**

### MEMORANDUM OPINION AND ORDER

On January 12, 2006, Plaintiffs filed a motion entitled, "Motion to Compel Responses to First Set of Interrogatories and Request for Production of Documents and Memorandum of Law in Support Thereof." (Docket # 13.) Thereafter, Defendants filed a Motion to Dismiss and a supporting memorandum, as well as a Motion for Protective Order to Stay all Discovery Pending Ruling on Defendants' Motion to Dismiss. (Docket # 16, 17, 18.) On February 9, 2006, the Honorable Robert C. Chambers granted Defendants' motion to stay discovery pending resolution of the Motion to Dismiss, until further order of the court. (Docket # 23.)

Thereafter, Defendants filed a Motion to Vacate Scheduling Order Pending Disposition of Motion to Dismiss, together with a supporting memorandum. (Docket # 26, 27.) Plaintiffs opposed such

motion. (Docket # 28.) On March 2, 2006, Judge Chambers issued an Order granting Defendants' motion to vacate, and lifted the stay of discovery previously granted in order to allow discovery to continue while the court considered the Motion to Dismiss. (Docket # 29.)

At this juncture, pending before the court are Plaintiffs' Motion to Compel (Docket # 13) and Defendants' Memorandum in Opposition to Plaintiffs' Motion to Compel and Request for Protective Order. (Docket # 35-1, 35-2.) The court conducted a hearing on April 3, 2006. Lonnie C. Simmons appeared for Plaintiffs; Johnnie E. Brown and Mark A. Carter appeared for Defendants.

Plaintiffs move the court to compel defendant William J. Charnock ("Charnock") to supply information as to his criminal and/or arrest record in response to Interrogatory # 13. Rule 26 of the Federal Rules of Civil Procedure provides that parties may obtain discovery regarding "any matter, not privileged, that is relevant to the claim or defense of any party . . .. * * * Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1)(2005).

Charnock's criminal history, if any, may reflect upon his credibility, which is always a relevant topic. A party's criminal history and credibility are matters open for discovery in most

civil proceedings, and there is no exception for those who become public officials. It is insufficient to answer that he has not been convicted of a felony, as there are many misdemeanors which involve dishonesty or false statement. See Rule 609(a)(2), Fed. R. Evid. Charnock is hereby **ORDERED** to answer Interrogatory # 13 completely.

Plaintiffs next argue that Charnock should be compelled to answer Interrogatory No. 14 concerning his alleged use of his state office for his political campaign. (Docket # 13, p. 3-4.) Charnock is a central witness to this case, as well as a public official, and his credibility is key. The investigation of Charnock's alleged use of his state office for his campaign was widely reported in the newspapers; news articles reported that Charnock initially denied the allegations, and subsequently made an apology. A special prosecutor has been appointed to investigate the allegations. After considering the arguments of both counsel, the court **ORDERS** that Charnock shall answer Interrogatory No. 14, unless he invokes his Fifth Amendment privilege against self-incrimination, in which case said privilege shall be respected. Any related issues which arise are subject to the requirement to meet and confer; if agreement is not reached, the issue shall be addressed by a motion, with a response due within three (3) business days, and a reply due within one (1) business day of the filing of the response.

During the hearing, counsel for Defendants requested that these matters be sealed or otherwise treated with confidentiality. The court declines to do so.  Answers to discovery requests are not on the public record, and depositions are not open to the public. While it would be inappropriate to hold a press conference concerning information gleaned in deposition, or to otherwise use discovery to rally political advantage by conducting a whispering campaign or by gossiping, there is no basis for sealing any records or any discovery proceedings herein. Counsel and parties are expected to act with discretion and sound judgment as discovery moves forward.

Plaintiffs' final argument is that the Kanawha County Commission has failed to provide any answer to Interrogatories No. 19, 20, and 21. (Docket # 13, p. 4-5.)  The Commission has offered to provide a supplement, but must convene during its public meeting to discuss its responses.  The Commission is hereby **ORDERED** to answer Interrogatories no. 19, 20, and 21; said responses shall be due within 24 hours after the Commission next meets.  It is hereby **ORDERED** that Plaintiff's Motion to Compel (docket # 13) is **GRANTED** as set forth herein.

It appears to the court that Defendants' request for a protective order is an attempt to resuscitate the stay of discovery which was in place. (Docket # 35-2.)  Upon review of the motion papers relating to the lifting of the stay, it is evident that

Judge Chambers expects discovery to go forward while he considers the pending motion to dismiss. Defendants' Request for Protective Order raised in Response (docket # 35-2) is **DENIED**.

The parties shall bear their own costs and fees.

The Clerk is instructed to transmit copies of this written opinion and order to counsel of record.

**ENTER** this 5th day of April, 2006.

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge

5