**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

DAVID KENNEY, HAROLD L. SUMMERS, JR.,
and ROSCOE TUCKER,

                 Plaintiffs,

v.                                    CIVIL  ACTION  NO.  2:05-0390

WILLIAM J. CHARNOCK, individually
and as the Kanawha County Prosecuting Attorney,
and KANAWHA COUNTY COMMISSION,

                 Defendants.

**ORDER**

        Pending before the Court is a Motion to Dismiss by Defendants William J. Charnock, individually and as the Kanawha County Prosecuting Attorney, and the Kanawha County Commission  and Defendants' Objection to the Magistrate Judge's Order Granting Plaintiffs' Motion to Compel and Compelling Discovery Responses.  For the following reasons, the Court **DENIES** both the motion and the objection.

**I.
FACTS**

        According to the Complaint, Defendant Charnock was elected as the Kanawha County Prosecuting Attorney on November 7, 2004.  Within a few days of being sworn into office, Defendant Charnock terminated Plaintiffs who had worked as investigators for the Kanawha County Prosecuting Attorney's Office.  Plaintiffs allege that their firing was politically motivated and unconstitutional because they were not policymakers or employed in policymaking positions.

Therefore, Plaintiffs filed this action against Defendant Charnock and the Kanawha County Commission on May 5, 2005.

## II.
### DISCUSSION

Defendants move to dismiss Plaintiffs' claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or, in the alternative, for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. In their Memorandum, Defendants assert that Plaintiffs have failed "to state a claim upon which any relief can be granted and the Defendants are immune from the action." *Memorandum in Support of Defendants' Motion to Dismiss*, at 1. Before going any further, the Court finds that the parties disagree as to whether the issue of qualified immunity is properly raised in Defendants' Motion to Dismiss. Thus, the Court must resolve this issue before it can proceed.

In reviewing Defendants' Memorandum, it is clear that the issue of qualified immunity has not been properly briefed with respect to Defendants' Motion to Dismiss. Other than the cursory statement that "Defendants are immune from the action[,]" as quoted above, Defendants only mention immunity a few times. The first time is in a conclusory heading to the argument section of their Memorandum stating: "Defendants are immune from any suit resulting from a decision to terminate the Plaintiffs' employment as investigators with the Kanawha County Prosecuting Attorney's office." *Id*. at 4. It also is mentioned in describing *Danahy v. Buscaglia*, 134 F.3d 1185 (2nd Cir. 1998), in which Defendants claim the Second Circuit ruled the defendants in that case were entitled to qualified immunity. *Id*. at 12. Defendants also briefly mention it in the second to the last paragraph of the Memorandum, when they assert: "the office of Investigator for

-2-

the Kanawha County Prosecuting Attorney's office is an office which falls into the exceptions set forth by the United States Supreme Court and the Fourth Circuit Court of Appeals, and for which qualified immunity is dispositive as a defense." *Id*. at 15.

In considering whether these bare comments are sufficient to take up the issue with regard to Defendants' Motion to Dismiss, the Court finds they are plainly not. Indeed, in their Response brief, Plaintiffs argue that the Second Circuit's opinion in *Danahy* is distinguishable from the present case and note that it discussed the issue of qualified immunity. Plaintiffs then state that "Defendants have not asserted qualified immunity in connection with their motion to dismiss." *Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss*, at 10. Thus, as Plaintiffs did not believe the issue of qualified immunity was before the Court with regard to the Motion to Dismiss, they did not address the issue in their Response. The Court agrees with Plaintiffs' conclusion and finds the fact they did not address the issue in their Response completely justified. Therefore, under these circumstances, the Court finds it would be inherently unfair to rule on a qualified immunity defense with regard to Defendants' Motion to Dismiss when the issue was not briefed in that motion.

The issue that both parties did address with respect to Defendants' Motion to Dismiss is whether or not Defendant Charnock could constitutionally terminate Plaintiffs based upon political patronage. Plaintiffs argue that, upon a motion to dismiss, the Court must assume the allegations in the Complaint are true and that Plaintiffs were fired for political reasons. In addition, Plaintiffs allege in the Complaint that their main duty as investigators was to serve subpoenas and,

as such, they were in nonpolicymaking positions and their political views were irrelevant to their job duties.  Therefore, Plaintiffs assert that Defendants' Motion to Dismiss must be denied.  On the other hand, Defendants argue that the Court is not limited to the allegations in the Complaint but should look to the legislatively defined responsibilities of the position. *Citing Jenkins v. Medford*, 119 F.3d 1156, 1163-64 (4th Cir. 1997) (examining the role of deputy sheriffs under North Carolina law and determining they may be terminated for political reasons).  If the specific position at issue "resembles 'a policymaker, a communicator, or a privy to confidential information,' then loyalty to the . . . [elected official] is an appropriate requirement for the job." *Id*. at 1164 (quoting *Stott v. Haworth*, 916 F.2d 134, 141-42 (4th Cir. 1990)).

          In support of their position that the job of investigator is a policymaking and/or confidential position, Defendants point to the legislative language which allows a Prosecutor to employ an investigator found in West Virginia Code § 7-4-2.[1]  Defendants also point to old West

---

[1]This section provides:

> The prosecuting attorney of any county, with the approval of the county commission, or of the governor, or of the court of the county vested with authority to try criminal offenses, or of the judge thereof in vacation, may, within his discretion, offer rewards for the apprehension of persons charged with crime, or may expend money for the detection of crime. Any money expended under this section shall, when approved by the prosecuting attorney, be paid out of the county fund, in the same manner as other county expenses are paid: Provided, That the prosecuting attorneys of the several counties of the state may, with the approval of the county commissions of their respective counties, entered of

(continued...)

Virginia Supreme Court cases which discuss the power of a Prosecutor to employ investigators for the purpose of "detecting crime" and "apprehending violators." *Citing Damron v. Ferrell*, 149 W. Va. 773, 143 S.E.2d 469 (1965); *State ex rel. Sprague v. Greenbrier County Court*, 93 W. Va. 481, 117 S.E. 135 (1923); *State ex rel. Singleton v. Kanawha County Court*, 84 W. Va. 691, 100 S.E. 548 (1919); *also citing Opinion of the West Virginia Attorney General*, 47 W. Va. Op. Atty. Gen. 302 (March 10, 1958).

The Court has examined the legislative language and the opinions cited by Defendants. Although the Court believes the legislation and these opinions may contain factors to

---

[1](...continued)

record, appoint to assist them in the discharge of their official duties, trained and qualified full-time or part-time investigators of crime. Such full-time investigators shall accept no other public employment or employment in a private police or investigative capacity during the term of their appointment without prior approval of the county commission and county prosecuting attorney and shall be paid such salary and expenses as may be fixed by the county commission. Such expenses shall be itemized and sworn to by the investigator upon presentation to the county commission.

Notwithstanding any other provision of this code to the contrary, the prosecuting attorney of any county, with the consent of the judge of the court of competent jurisdiction and the county commission, may appoint an investigator of crime who need not be a resident of this state.

W. Va. Code § 7-4-2.

consider, the Court is not prepared to conclude that they provide enough clarity to determine whether the position of investigator is a policymaking and/or confidential job.  Instead, the Court believes that further discovery may provide the Court with additional information upon which it can base its decision.  Therefore, at this point, the Court will permit discovery to continue and **DENIES** Defendants' Motion to Dismiss **without prejudice**.

Turning now to Defendants' Objection to the Magistrate Judge's Order Granting Plaintiffs' Motion to Compel and Compelling Discovery Responses, Defendants argue that Plaintiffs are not entitled to any further discovery pending a decision on Defendants' "Motion to Dismiss based on the Plaintiffs failure to state a claim and the Defendants entitlement to qualified immunity." *Objection to Magistrate Judge's Order Granting Plaintiffs' Motion to Compel and Compelling Discovery Responses*, at 6.  Therefore, Defendants assert that the Magistrate Judge's Order is "clearly erroneous"[2] because it denies them their right to qualified immunity and subjects them to exactly the burdens of litigation that such a defense protects them from enduring.  Defendants then proceed to quote from cases which provide that qualified immunity is a threshold issue that should be resolved early in the proceedings and before discovery is allowed to continue. *Citing Saucier v. Katz*, 533 U.S. 194 (2001); *Siegert v. Gilley*, 500 U.S. 226 (1991); *Harlow v. Fitzgerald*, 457 U.S. 800 (1982).  However, as Plaintiffs point out, and as this Court already has found, Defendants did not properly raise the issue of qualified immunity in their Motion to Dismiss.  Defendants point to the fact that they asserted qualified immunity as a defense in their Answer to the Complaint and in

---

[2]*See Clark v. Milam*, 155 F.R.D. 546 (S.D. W. Va. 1994) (stating that the standard of review regarding objections to a magistrate judge's order regarding a discovery dispute is the "clearly erroneous standard").

other pleadings that they have filed,[3] but it was not raised with respect to Defendants' Motion to Dismiss which is the grounds upon which Defendants seek to have the Magistrate Judge's Order reversed by their Objection. Having not raised the issue in the Motion to Dismiss, the Court cannot find that the Magistrate Judge's Order was clearly erroneous for failing to wait until the Motion to Dismiss was ruled upon. In any event, the Court herein has denied the Motion to Dismiss and directed that discovery continue. Therefore, the Court **DENIES** Defendants' objections.

---

[3]Defendants claim they discussed the issue in four other pleadings. First, it was mentioned in their Motion for Protective Order to Stay all Discovery Pending Ruling on Defendants' Motion to Dismiss [doc. no. 18]. This motion was granted by the Court [doc. no. 23] because Plaintiffs represented to the Court that they did not oppose the motion because the parties were attempting to mediate the case. Thus, the issue of qualified immunity was not briefed. Following unsuccessful mediation, Defendants filed a Motion to Vacate the Scheduling Order Pending Disposition of Defendants' Motion to Dismiss [doc. no. 26]. Defendants mentioned in the motion that qualified immunity should be addressed early in the proceedings, but it was not raised in their Motion to Dismiss which Defendants premised their Motion to Vacate upon. Thus, by Order entered on March 2, 2006, the Court saw no reason to stay discovery and lifted its previous stay and directed that discovery continue while the Court considered the Motion to Dismiss [doc. no. 29]. The third mention of the qualified immunity defense appears in Defendants' Memorandum in Opposition to Plaintiff's [sic] Motion to Compel Responses to First Set of Interrogatories and Request for Production of Documents and Request for Protective Order [doc. no. 35]. Once again, Defendants asserted that discovery should not be permitted until the Court rules on their Motion to Dismiss regarding Plaintiffs failure to state a claim and Defendants' entitlement to qualified immunity. This motion is the one ruled upon by the Magistrate Judge which is the subject of the Objections which are discussed in the current Opinion and Order. Defendants further claim it is raised in their Objections to the Magistrate Judge's Order. However, the fact that Defendants assert that they properly raised the issue in their Motion to Dismiss does not make it so. As fully explained above, the issue of qualified immunity has not been properly briefed, and the Court will not permit Defendants to bootstrap the defense into their Motion to Dismiss when it was not properly raised in that motion.

**III.**
**CONCLUSION**

Accordingly, for the foregoing reasons, the Court **DENIES** Defendants' Motion to Dismiss **without prejudice** [doc. no. 16] and **DENIES** Defendants' Objections to the Magistrate Judge's Order Granting Plaintiffs' Motion to Compel and Compelling Discovery Responses [doc. no. 39].

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER:        April 13, 2006

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE