IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

DAVID KEENEY, HAROLD
L. SUMMERS, JR., and
ROSCOE TUCKER,

       Plaintiffs,

v.                               Civil Action No. 2:05-cv-00390

WILLIAM J. CHARNOCK,
individually and as the Kanawha
County Prosecuting Attorney, and
KANAWHA COUNTY COMMISSION,

       Defendants.

### O R D E R

Pending before the court is Plaintiffs' Motion to Compel Previously Compelled Responses, etc., filed on May 3, 2006 (docket sheet document # 56). Defendants have not filed a response to the Motion within the period allowed by the Local Rules.

It appears to the court that Plaintiffs' previously filed Motion to Compel Responses to First Set of Interrogatories, etc. (# 13) was granted by Order entered April 5, 2006 (# 38), which Order was upheld by the Hon. Robert C. Chambers by Order entered April 13, 2006 (# 43). Subsequent efforts by Defendants to avoid making the compelled discovery responses have, to date, been unsuccessful. Notwithstanding these facts, Defendants have not provided the subject discovery responses. The weakness of Defendants' position

is underscored by their failure to submit a response to the pending Motion.

It is hereby **ORDERED** that Plaintiffs' Motion to Compel Previously Compelled Responses, etc. (# 56) is granted and it is further **ORDERED** that Defendants shall serve full and fair responses as previously ordered on or before **June 6, 2006**.

Pursuant to Rule 37(a)(4)(A), Fed. R. Civ. P., Defendants shall be afforded an opportunity to be heard concerning whose conduct necessitated the filing of the motion, and the amount of the reasonable expenses incurred by Plaintiffs in making the motion, including attorney's fees. It is further **ORDERED** that counsel for Plaintiffs shall submit his affidavit of expenses on or before **June 9, 2006**; Defendants shall submit their responses on or before **June 14, 2006**, including a statement as to whose conduct necessitated the filing of the motion, and whether the nondisclosure was substantially justified, or that there are other circumstances which would make an award of expenses unjust.

The court is aware that the Order entered April 5, 2006, due to an oversight, lacked a deadline by which defendant Charnock was ordered to respond to the subject discovery, and thus he has not technically failed to obey the order. It is disappointing indeed that defendant Charnock has not yet complied with that Order. Defendant Kanawha County Commission has no such excuse, as a deadline was imposed on it and it has similarly failed to comply

with the Order. Failure to obey an order is governed by Rule 37(b), Fed. R. Civ. P., and Defendants are hereby **PLACED ON NOTICE** that they will face imposition of any or all sanctions set forth in Rule 37(b), in addition to payment of reasonable expenses, including attorney's fees, if they fail to comply with the Order of April 5, 2006 and this Order.

    The Clerk is instructed to transmit copies of this Order to counsel of record.

    **ENTER** this 30th day of May, 2006.

                                      Mary E. Stanley
                                      United States Magistrate Judge